Khorshe Alam v. Garland

BIA
Thompson, IJ
A208 896 231

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
    *Circuit Judges.*

_____

MOHAMMAD KHORSHE ALAM,
    *Petitioner,*

v.                                          21-6041
                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:          Thomas V. Massucci, New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant
                         Attorney General; Linda S.
                         Wernery, Assistant Director; Sarah

Byrd, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mohammad Khorshe Alam, a native and citizen of Bangladesh, seeks review of a January 15, 2021 decision of the BIA affirming an October 15, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Khorshe Alam,* No. A208 896 231 (B.I.A. Jan. 15, 2021), *aff'g* No. A 208 896 231 (Immig. Ct. N.Y. City Oct. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). The agency found Khorshe Alam's testimony consistent as to his beating and the burning of his store by members of the Awami League, but determined that his claim was not credible because he submitted two identical affidavits from two different members of the Bangladesh National Party. We cannot conclude that this finding constitutes substantial evidence under the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii).

"When an asylum applicant himself has submitted two or more affidavits in support of his application that, he says,

3

have been provided by different persons, but which are strikingly similar in their structure or language, our [C]ourt has allowed an [IJ] to treat those similarities as evidence supporting an adverse credibility finding." *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 519 (2d Cir. 2007). We have previously upheld an adverse credibility determination based on "nearly identical language in the written affidavits allegedly provided by different people" where the IJ further identified inconsistencies, omissions, vague testimony, and a lack of specific corroboration. *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006).

Here, the agency failed to consider the totality of the circumstances. Neither the BIA's nor the IJ's decisions discuss Khorshe Alam's other documentary evidence, which included country conditions evidence and additional affidavits from Khorshe Alam's mother, sister-in-law, brother, cousins, sister, aunt, other shopkeepers, and a medical doctor. "[U]nder the substantial evidence standard," the adverse credibility determination must "be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao*, 891 F.3d at 76

4

(quotation marks omitted).

Furthermore, the agency's conclusion that the affidavits were fabricated is itself not supported by substantial evidence. To begin, the affidavits were notarized by the same person on the same day in Bangladesh, indicating that they were prepared together or at the same time. Indeed, Khorshe Alam testified that his father obtained the affidavits for him and that though the affiants may have copied each other, they had witnessed the same event and the information in the affidavits was true. *See Mei Chai Ye*, 489 F.3d at 524 (acknowledging that similar language in affidavits could be owed to affiants "relat[ing] their stories to the same scrivener"). The record similarly does not support the IJ's conclusion that the affidavits were fabricated because they were mailed from Dubai rather than Bangladesh. The IJ relied on a DHL mailing label that listed the address of the sender as "Mohammad Liton Patwary, Bangladesh, CO First Flight Courier LLC Dubai VL." But Khorshe Alam testified that the sender was his cousin who lived in Bangladesh, not Dubai, that the documents were sent through DHL, and that he did not know why Dubai was mentioned.

5

While the label lists a sender in Bangladesh and a courier company seemingly based in Dubai, there is nothing on the label to establish that the documents were turned over to the courier company for mailing in Dubai rather than in Bangladesh.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this ORDER. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court